95 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James W. DEATON, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 96-3203.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1996.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 James W. Deaton seeks review of the December 14, 1995 decision of the Merit Systems Protection Board (Board), Docket No. AT1221960107-W-1, which dismissed Deaton's appeal for lack of jurisdiction. The initial decision became final on March 4, 1996, when the Board denied Deaton's petition for review. We affirm.
 
 
 2
 The Department of Agriculture (agency) suspended Deaton for 45 days effective January 4, 1995. Deaton appealed that suspension to the Board. While that appeal was pending, Deaton and the agency entered into a settlement agreement which provided, in relevant part:
 
 
 3
 [t]he appellant agrees to drop any existing complaints and to file no new complaints, civil actions, grievances, or appeals against the Agency or its current or former employees, officers, or agents, in either their official or individual capacities, with any administrative or civil adjudicatory body ... relating to any incidents, personnel actions, or terms and conditions of employment concerning any aspects of his employment, suspension, and the appeal to the [Board] effective with the signing of the agreement.
 
 
 4
 As a result of this settlement agreement, the Board voluntarily dismissed Deaton's appeal. Deaton appealed that decision to this court alleging that the agreement was invalid because it was fraudulent. We rejected this argument and upheld the agreement's validity in Deaton v. Department of Agriculture, 70 F.3d 129 (table), 1995 WL 675435 (Fed.Cir. Nov. 13, 1995).
 
 
 5
 On November 6, 1995, Deaton filed the present appeal with the Board, which again challenged his 45-day suspension. In addition, this appeal challenged the agency's placement of Deaton on a performance improvement period (PIP) effective February 21, 1995. The Board dismissed this second appeal as barred by the prior settlement agreement. In so doing, the Board held that the settlement agreement covered both Deaton's 45-day suspension as well as his placement on the PIP.
 
 
 6
 On appeal to this court, Deaton again challenges the validity of the settlement agreement. Having once rejected Deaton's argument on this issue, relitigation of this matter is barred by the doctrine of res judicata. Additionally, we see no legal error in the Board's conclusion that both Deaton's 45-day suspension and his placement on a PIP fall within the terms of the agreement. The decision of the Board is affirmed.